John A. Bush, ISB No. 3925
LAW OFFICES OF COMSTOCK & BUSH
199 N. Capitol Blvd., Ste. 500
P.O. Box 2774
Boise, Idaho 83701-2774
Telephone: (208) 344-7700
Facsimile: (208) 344-7721
Email:  jabush@comstockbush.com

*Attorneys for Plaintiff Stefanie S. Pickard*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEFANIE S. PICKARD, F/K/A STEFANIE S. MENARD<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR TRIAL**<br><br>**Filing Fee: $400.00** |

Plaintiff Stephanie Pickard ("Pickard"), formally known as Stefanie S. Menard, individually, through her counsel of record, Law Offices of Comstock & Bush, for her Complaint against Defendant United States of America, states as follows:

## I.
## PARTIES, JURISDICTION AND VENUE

1.      This action is brought against Defendant United States of America under the Federal Tort Claims Act, *28 U.S.C. § 2671, et seq., and 28 U.S.C. §1346(b)(1),* for negligence and

professional malpractice in connection with medical care provided to Plaintiff Pickard by the U.S. Department of Veterans Affairs at the Boise Veterans' Administration Medical Center.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act, *28 U.S.C. § 2671, et seq., and 28 U.S.C. §1346(b)(1),* for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiff has fully complied with the provisions of *28 U.S.C. §2675* of the Federal Tort Claims Act.

4. Plaintiff has complied with the statutory notice provisions of the Federal Tort Claims Act, *28 U.S.C. § 1346(b) and 28 U.S.C. §§2671, et seq.*, by timely filing a claim for damages on October 8, 2020.  More than six months have passed since with no response from the Defendant.  Plaintiff Pickard is now filing this Complaint pursuant to *28 U.S.C. § 2401(b).*

5. The Federal Tort Claims Act, by way of the VA Immunity Statute, *38 U.S.C. §7316,* provides the sole remedy for actions arising from alleged medical malpractice by a VA healthcare employee acting within the course and scope of employment with the VA, and provides that proper cause of action is to be made against the United States, not the individual healthcare employee.

6. At all times relevant hereto Plaintiff Pickard was a U.S. Military Veteran residing in Boise, Ada County, Idaho.

7. At all times relevant hereto, Defendant United States of America, was a governmental entity, acting through its agency, the U.S. Department of Veterans Affairs, operating the Boise Veterans' Administration Medical Center located at 500 W. Fort Street, Boise, Idaho 83702.

8. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Boise Veterans' Administration Medical Center,

are hereinafter collectively referred to as "Boise VA Medical Center."

9. At all times relevant hereto, the various medical personnel providing care to the Plaintiff were authorized and/or licensed to practice medicine in the State of Idaho and acting within the course and scope of an agent, apparent agent, servant, representative, and/or employee status with Defendant United States of America and the Boise VA Medical Center.

10. At all times relevant to this Complaint, the Boise VA Medical Center held themselves out to the Plaintiff, an eligible beneficiary, as a provider of high-quality healthcare services, with the experience necessary to maintain the health and safety of patients like the Plaintiff.

11. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, apparent agents and staff were employed by and/or acting on behalf of the Defendant. Furthermore, Defendant is responsible for the negligent acts of their employees and agents under *respondeat superior*.

12. This Court has jurisdiction pursuant to *28 U.S.C. § 1346(b) and 28 U.S.C. §§2671, et seq*.

13. Venue in this District is proper under *28 U.S.C. § 1402(b)*, in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Idaho.

## II.
## FACTUAL ALLEGATIONS

14. Plaintiff Pickard is a U.S. Military Veteran, who served as a flight nurse in the US Air Force. Plaintiff Pickard has suffered from low back problems related to her military service. Plaintiff Pickard underwent a lumbar MRI on December 4, 2017 which revealed some mild

spondylosis with a small left central L4-L5 caudally migrated extrusion and a small central L5-S1 protrusion.

15. In late February of 2019, Plaintiff Pickard slipped on ice in her driveway. Plaintiff Pickard fell to the ground and had an onset of lower back pain. After unsuccessful conservative treatment at home, she presented to her primary care provider, Angela Radimer, PA-C at the Boise VA Medical Center Women's Clinic for evaluation. This occurred on March 4, 2019. Plaintiff Pickard reported spasm like symptoms and pain in her lower back which were exacerbated when lifting her infant baby. Plaintiff Pickard requested imaging given her history of spinal disk herniation. Ms. Radimer declined to order imaging and diagnosed Plaintiff Pickard's condition as likely myofascial in nature and prescribed conservative treatment of rest and medication management. Plaintiff Pickard was actively breastfeeding at the time of this visit and therefore declined narcotic medication in order to manage her low back pain. Ms. Radimer prescribed topical anti-inflammatories and a muscle relaxer.

16. Subsequently, continuing to have severe low back pain with the onset of some radiating symptoms and little to no relief with the medications prescribed, Plaintiff Pickard presented to Primary Health for further evaluation and treatment. She was seen by Aaron Epperson, PA-C who diagnosed her with acute bilateral low back pain with right sided sciatica. They discussed that her exam was suggestive of a possible herniated disk in her spine. Mr. Epperson prescribed a Medrol Dosepak and informed her that if her symptoms did not resolve in the next 10-14 days, she should seek further evaluation, imaging and potentially physical therapy.

17. With the steroid treatment, Plaintiff Pickard's lower back symptoms improved. She began exercises aimed at strengthening her core in order to prevent further exacerbation of her lower back pain. Following one of these exercises, Plaintiff Pickard felt something pop in her

hip and had an acute worsening of the low back pain she had been experiencing since her slip and fall in February.

18. On April 9, 2019, Ms. Pickard called the Boise VA Medical Center's Women's Clinic to schedule an appointment. She reported a constant 7-9/10 pain level that worsened with movement and a sharp stabbing right hip pain with radiation down to her right foot as well as right foot numbness. Ms. Pickard was scheduled for an appointment the next day to undergo acupuncture treatment. However, as the day progressed, Plaintiff Pickard experienced a significant worsening in her pain. She presented the Boise VA Medical Center Emergency Department and was seen by Julia Mahaffey, PA.

19. Plaintiff Pickard described the pertinent history, including the right buttock pain and numbness down the side of her right leg. Plaintiff Pickard again requested MRI imaging given her spinal history and the concerns expressed at Primary Health regarding a possible disk herniation. However, following an examination, Ms. Mahaffey diagnosed her with a simple low back strain and recommended narcotic medication. Plaintiff Pickard again had to decline narcotic medication due to actively breastfeeding. She was discharged with orders to continue use of muscle relaxers as needed, to ice and heat, and to refrain from lifting weights.

20. On April 10, 2019, Plaintiff Pickard presented to the Boise VA Medical Center Women's Clinic and again saw Ms. Radimer for the "battlefield acupuncture" procedure, which was unsuccessful at relieving any of the severe lower back pain and radiating symptoms. She requested an integrated spine consultation to be scheduled by Ms. Radimer and was discharged home with no follow up instructions. Ms. Radimer did not request an integrated spine consult.

21. On April 13, 2019, Plaintiff Pickard again presented to the Boise VA Medical Center Emergency Department for worsening symptoms including ongoing severe right hip pain

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

with lower right leg numbness and burning pain in her right foot and hip. She was seen by Dr. Rick Wright. She reported she had been tripping at work because her right foot was not dorsiflexing well and it was getting caught while she walks. She also reported difficulty driving because she was having trouble pushing the gas pedal with her right foot. Dr. Wright took x-rays of Plaintiff Pickard's low back and right hip and performed a physical examination. He noted his concern with her right foot drop symptoms and dorsiflexion weakness and determined that MRI studies of Plaintiff Pickard's lumbar spine should be conducted as soon as possible. He additionally ordered an MRI of Plaintiff Pickard's right hip given her ongoing burning pain in the area. Dr. Wright noted that no integrated spine consultation had been placed and instructed her to follow up with Ms. Radimer again. Plaintiff Pickard was discharged with instructions to follow up with her primary care provider once she had obtained the MRI imaging.

22. MRI studies were not scheduled until April 16, 2019. The lumbar imaging revealed a moderate sized disc extrusion at the L5-S1 level with degenerative facet change and left foraminal stenosis. The MRI to her right hip revealed gluteus minimus and medius insertional tears bilaterally.

23. Plaintiff Pickard presented to the Boise VA Medical Center on April 17, 2019 with her MRI results and was seen by Talia Sierra, PA. She reported constant pain in her low back and hip with radiation, continued problems with driving and tripping on her right foot while walking as a result of decreased sensation and control. She also reported she felt her mobility was worsening. Ms. Sierra discussed her MRI results and given the neuroforaminal stenosis present at the L5-S1 area, she advised she would order a community care consult for a neurosurgery consultation. Ms. Sierra additionally placed a physical therapy referral for evaluation and treatment of the gluteal tears. There is no record that Ms. Sierra placed the order for a community

care consult.

24. Plaintiff Pickard presented to physical therapy with Scott Stephens at the Boise VA Medical Center on April 19, 2019 and April 23, 2019. On both occasions Ms. Pickard reported constant and severe right hip and lower extremity pain, burning and tingling throughout her right lower extremity with associated weakness to her right foot causing difficulty dorsiflexing her right foot, and urinary urgency resulting in frequent incontinence.

25. On April 19, Mr. Stephen noted concerning red flag symptoms regarding lower extremity weakness, parathesias, and bowel incontinence. He requested an expedited neurosurgical consult. However, Theresa Weiland, D.O., placed a general community care consult request on April, 20, 2019.

26. On April 23, 2019, Ms. Pickard again saw Mr. Stephens. She reported an acute worsening of all symptoms over the past four days. Mr. Stephens again charted concerning neurological symptoms and he discussed Ms. Pickard's case on April 23, 2019 with Teresa Weiland, DO who suggested a two week frame for a neurological community consult was appropriate, rather than STAT. time frame was appropriate. Mr. Stephens instructed Ms. Pickard to follow up with her primary care appointment the next day.

27. On April 24, 2019, Ms. Pickard presented to the VA and Ms. Sierra. She reported more numbness in her right foot and an increase in tripping. She also reported tingling to her groin with an associated cold sensation in her underwear and ongoing urinary urgency resulting in incontinence.

28. A community neurosurgical consult was approved on April 24. Ms. Sierra called Dr. Little's office, a local neurosurgeon. She was advised by Dr. Little's office that he would not set an appointment until Dr. Little has received and reviewed Ms. Pickard's medical records. Ms.

Sierra made a request to start that process knowing that it would take several days, at best, to complete.  She thereafter discussed her examination with Theresa Weiland, D.O.  Despite numerous red flag symptoms noted by Mr. Stephens and reported by Ms. Pickard to Ms. Sierra, there is no record that D.O. Weiland requested to see Ms. Pickard or perform her own examination.

29. Ms. Pickard's condition continued to worsen and on May 1, 2019, she presented to Northwest Neurosurgery Associates and was seen by Derek Martinez, MD for a neurosurgical evaluation. Dr. Martinez reviewed her history and MRI results and discussed her worsening and evolving pain presentation. Dr. Martinez expressed concerns about her situation and recommended prompt surgical intervention. Plaintiff Pickard subsequently underwent an urgent L5-S1 microdiskectomy procedure the following day.  Intraoperatively, it was noted that her dural sac was under obvious tension and Dr. Martinez described the disk herniation as large and tenacious.

30. As a direct and proximate result of the Boise VA Medical Center's failure to timely address and diagnose Plaintiff Pickard's lumbar disk herniation with neural compression, she has suffered permanent nerve damage to the L5-S1 region.  Post operatively, Plaintiff Pickard's leg pain initially improved. However, the permanent nerve damage to the L5-S1 region has resulted in right foot drop with numbness, weakness, and neuropathy symptoms throughout her lower right extremity. The permanence of her condition has dramatically affected her quality of life, her ability to work, and her career path.   Plaintiff Pickard has incurred and will continue to incur medical expenses into the future; her life has been negatively impacted in all aspects because of the violations of the applicable standards of healthcare practice related to the delay in diagnosis and proper treatment of her emerging condition and she has suffered significant permanent bodily injuries, physical and mental pain and suffering, all in an amount to be determined at trial.

31. Plaintiff Pickard's case was reviewed by the VA pursuant to VHA Directive 1004.08

**COMPLAINT AND DEMAND FOR JURY TRIAL - 8**

and the Institutional Disclosure of Adverse Event meeting and discussion took place on July 12, 2019.  The facility acknowledged a delay in care.

## III.
## FIRST CAUSE OF ACTION
### *(MEDICAL NEGLIGENCE)*

32. Plaintiff hereby incorporates and realleges each and every preceding paragraph and incorporate the same by reference herein.

33. As of this time, Plaintiff complains and alleges that Defendant owed Plaintiff a duty to provide the same medical care a reasonable and prudent healthcare provider would under similar circumstances.

34. Defendant has breached their duty in that care and treatment provided to Plaintiff.

35. The care and treatment provided by Defendant was wrongful, careless, and negligent, including, but not limited to the following particulars:

   a) Failure to timely diagnose and treat Plaintiff's medical conditions, including the L5-S1 herniated disc with neural compression;

   b) Failure to timely perform appropriate testing, including but not limited to an MRI or other imaging;

   c) Failure to timely determine that the herniated disc with neural compression should be surgically repaired;

   d) Failure to timely consult with or refer to other specialties or facilities;

   e) Failure to establish and follow appropriate protocols, policies, and procedures;

   f) Failure to properly train, monitor, and supervise staff; and

36. Defendant is vicariously liable for the actions and failures to act of their actual, apparent, and ostensible agents, including but not limited to physicians, physician assistants,

residents, nurses, nurse practitioners, assistants, technicians and staff, employees and agents. Upon information and belief, and at all times relevant herein, all medical providers seen by Plaintiff at the Boise VA Medical Center, were actual, apparent, or ostensible agents, employees, and/or contractors of the Boise VA Medical Center, acting within the course and scope of that relationship.

37. As a direct and proximate result of Defendant's negligence, Plaintiff Pickard sustained serious and permanent personal physical injuries; she has incurred medical expenses and other damages, and will continue to incur medical expenses and other damages in the future; she was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering and mental anguish in the future; she has suffered a loss of enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and she has lost wages, and will continue to lose wage in the future.

38. The acts and/or omissions set forth above would constitute a claim under the law of the State of Idaho.

39. The Defendant is liable pursuant to *28 U.S.C. § 1346(b)(1).*

40. The negligent, careless, reckless and/or unlawful acts and/or omissions of the actual, apparent, and ostensible agents, including but not limited to physicians, physician assistants, residents, nurses, nurse practitioners, assistants, technicians and staff, employees and agents, while acting within the course and scope of their employment with the Department of Veteran's Affairs and Boise VA Medical Center, which are attributed to Defendant United States of America, were the sole proximate cause of the injuries and damages sustained by Plaintiff Pickard .

## V.
## DAMAGES

41. Plaintiff hereby incorporate and reallege each and every preceding paragraph and incorporate the same by reference herein.

42. As a result of Defendant's negligent acts and/or omissions complained of herein, Plaintiff is entitled to recover all damages allowed by law, including, but not limited to:

1. Past, present and future expenses for the provision of medical care, treatment, therapy, prescriptions and other healthcare services and products in an amount to be proven at trial;

2. For permanent physical, mental and emotional injuries suffered by Plaintiff Stefanie Pickard in the past, and for those damages she will suffer in the future in an amount to be proven at trial;

3. For past and future loss of wage and/or earning capacity, income and/or expense associated with Defendant's violations of the applicable standards of health care practice; in an amount to be proven at trial; and

4. For loss of ability for enjoyment of life and diminution of activities of daily living in an amount to be proven at trial.

5. Attorneys' fees and costs incurred herein; and

6. For such other and further relief as this Court deems just and equitable.

## VI.
## REQUEST FOR ATTORNEYS' FEES AND COSTS

As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant, Plaintiff has been compelled to retain attorneys to represent her in this action. Pursuant to *28 U.S.C. § 2678 and Rule 54(d)(1) of the Federal Rule of Civil Procedure*, Plaintiff respectfully requests that she be awarded reasonable attorneys' fees and costs incurred herein.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stefanie Pickard prays that judgment be entered in her favor and against Defendant as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL - 11**

1.For past, present and future expenses for the provision of medical care, treatment, therapy, prescriptions and other healthcare services and products, in an amount to be proven at trial;

2.For an award of damages representing the physical, mental and emotional injuries, pain and suffering, permanent physical disability and loss of ability to enjoy life, suffered by Plaintiff Stefanie Pickard in the past, present, and those injuries she will continue to suffer in the future, in an amount to be proven at trial;

3.For an award of damages representing the past and future loss of earning capacity, loss of income and/or expenses to Plaintiff Stefanie Pickard, in an amount to be proven at trial;

4.For reasonable attorneys' fees and costs of suit; and

5.For such other and further relief as this Court deems just and equitable given the circumstances of the case.

RESPECTFULLY SUBMITTED this 9th day of June, 2021

COMSTOCK AND BUSH

/s/ *John A. Bush*
_____

John A. Bush, Of the Firm
Attorneys for Plaintiff